# Exhibit A

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

COVER SHEET

| Plaintiff(s)         Vs | |
|---|---|
| JOSEPH SPENILLO | **Case Number :** |
| | **Type of pleading :** |
| | CLASS ACTION COMPLAINT |
| | **Filed on behalf of** |
| **Vs.** | JOSEPH SPENILLO |
| | (Name of the filing party) |
| Defendant(s) | ■ Counsel of Record |
| CLEVELAND-CLIFFS MONESSEN COKE LLC | ☐ Individual, If Pro Se |
| | Address, Telephone Number, and Email Address: |
| | R. Andrew Santillo<br>Winebrake & Santillo, LLC<br>Twining Office Center, Suite 211<br>715 Twining Road<br>Dresher, PA 19025<br>Ph: (215) 884-2491<br>E-Mail: asantillo@winebrakelaw.com |
| | Attorney's State ID   93041 |
| | Attorney's Firm ID |

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| **JOSEPH SPENILLO,** | **CIVIL DIVISION** |
| **PLAINTIFF,** | **No. _____** |
| **v.** | |
| **CLEVELAND-CLIFFS MONESSEN COKE LLC,** | **CLASS ACTION COMPLAINT** |
| | **FILED ELECTRONICALLY** |
| **DEFENDANT.** | Filed on behalf of Plaintiff and Class Members |

### NOTICE TO DEFEND

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYER REFERRAL SERVICE**
**THE ALLEGHENY COUNTY BAR ASSOCIATION**
**736 SEVENTH AVENUE - 400 KOPPERS BUILDING**
**PITTSBURGH, PA 15219**
**(412) 261-0518 - (412) 465-3955**

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| **JOSEPH SPENILLO,** | **CIVIL DIVISION** |
| **PLAINTIFF,** | **No. _____** |
| **v.** | |
| **CLEVELAND-CLIFFS MONESSEN COKE LLC,** | **CLASS ACTION COMPLAINT** |
| | **FILED ELECTRONICALLY** |
| **DEFENDANT.** | Filed on behalf of Plaintiff and Class Members |

<u>**CLASS ACTION COMPLAINT**</u>

Joseph Spenillo ("Plaintiff") brings this class action lawsuit against Cleveland-Cliffs Monessen Coke LLC ("Defendant"), seeking all available relief under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§333.101, *et seq.*  As indicated herein, Plaintiff alleges that Defendant has violated the PMWA by failing to pay wages for time associated with various required work activities arising at the beginning and end of the workday within the premises of Defendant's Monessen plant.  The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others:

<u>**PARTIES**</u>

1.      Plaintiff is an adult individual residing in Elizabeth, Pennsylvania (Allegheny County).

2.      Defendant is a Delaware corporation registered to do business in the Commonwealth of Pennsylvania and headquartered in Monessen, Pennsylvania (Westmoreland County).

<u>**JURISDICTION AND VENUE**</u>

3.      This Court has personal jurisdiction over Defendant.

4.      Venue in this Court is proper under Pennsylvania Rules of Civil Procedure 1006

1

and 2179 because, upon information and belief, Defendant regularly conducts business in Allegheny County. This includes, for example, Defendant's 2023 attempt to purchase United States Steel Corporation which is headquartered in Allegheny County.

## FACTS

5.    Defendant "is the largest producer of flat-rolled steel in North America."[1]

6.    Included in its operations is the Monessen plant located in Monessen, Pennsylvania which "is a conventional coke[2] plant producing very high-quality coke and related carbon by-products."[3]

7.    Defendant employs individuals who have been paid an hourly wage to perform work at the Monessen plant (hereafter "Hourly Employees").

8.    Plaintiff has been employed by Defendant as an Hourly Employee at the Monessen plant for approximately twenty-two (22) years and currently holds the "Electrical Maintenance Technician" job title.

9.    Plaintiff and other Hourly Employees regularly work 40 or more hours per week.

10.    The PMWA entitles employees to compensation for "all hours worked" in a workweek. *See* 43 P.S. § 333.104(a). Such compensable time includes, *inter alia*, all "time during which an employee *is required by the employer to be on the premises of the employer*," *id*. (emphasis supplied), and must be paid "regardless of whether the employee is actually performing job-related duties while on the premises," *Heimbach v. Amazon.com, Inc.*, 255 A.3d 191, 204 (Pa.

---

[1]    *See* https://www.clevelandcliffs.com/operations (last accessed Mar. 14, 2024).

[2] Coke is a fuel to supply heat and a reducing agent for melting iron ore as part of the steel manufacturing process.

[3]    *See* https://www.clevelandcliffs.com/operations/steelmaking/cokemakingcoal-mining-facilities (last accessed Mar. 14, 2024).

2

2021).  As such, the PMWA's conception of compensable work hours is far broader than the conception of compensable hours worked under federal wage law.  *See generally id.*

11.     Plaintiff and other Hourly Employees are required to be on the premises of the Monessen plant throughout the typical workday.  Most of these required hours arise at the Hourly Employee's assigned work location within the plant and entail the type of work associated with the Hourly Employee's job assignment.  In addition to these work hours, however, Plaintiff and other Hourly Employees also are required to engage in pre-shift and post-shift activities that can be quite time-consuming.  Such activities include, for example: walking to and from locker rooms/changing areas within the plant; gathering, donning, and doffing personal protective equipment ("PPE"); showering; walking to and from assigned departments or work locations within the plant; and "buddy" relief time with incoming/outgoing employees at the assigned work location.

12.     Defendant pays Plaintiff and other Hourly Employees based on fixed measures of time associated with scheduled shifts.  However, these fixed measures of time generally do not cover all time during which Plaintiff and other Hourly Employees are required to be on the premises of the Monessen plant performing all the activities referenced in paragraph 11 *supra*.  For example, when Plaintiff was scheduled to work the 6:00 am to 2:00 pm shift, he would be paid for eight hours.  However, Plaintiff estimates that, including the pre-shift and post-shift activities summarized in paragraph 11 *supra*, he was required to be on the Monessen plant premises for well over eight hours during such shift.

## CLASS ACTION ALLEGATIONS

13.     Plaintiff brings this action on behalf of himself and all individuals who, during any week within the past three years, have been paid an hourly wage to perform work at the Monessen

plant and have been paid for working at least 40 hours.

14.     This action may be properly maintained as a class action pursuant to Pennsylvania Rules of Civil Procedure 1702, 1708, and 1709.  Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Pennsylvania's class action requisites are satisfied.

15.     The class includes hundreds of individuals and thus is so numerous that joinder of all individual members is impracticable.  Members of the class are objectively ascertainable based on payroll data maintained or controlled by Defendant.

16.     Defendant's conduct with respect to Plaintiff and the class raises questions of law or fact that are common to the entire class.  In particular, Plaintiff challenges the legality under the PMWA of Defendant's company-wide timekeeping, compensation, and payroll practices.  As such, the outcome of this lawsuit will be determined based on the application of common legal principles to a common set of facts.

17.     Plaintiff's claims and Defendant's defenses are typical of the claims or defenses applicable to the entire class because, *inter alia*, all claims are based on the same legal theories and remedies.  Furthermore, Plaintiff's interest in pursuing his PMWA claim is aligned with the interests of the class as a whole and, if successful, his claim will benefit the class as a whole.

18.     Plaintiff will fairly and adequately assert and protect the interests of the class because, *inter alia*:

> (a)     Plaintiff is represented by experienced class action counsel who are well-prepared to vigorously and competently litigate this action on behalf of the class;

> (b)     Plaintiff and Plaintiff's counsel are free of any conflicts of interest that prevent them from pursuing this action on behalf of the class; and

4

(c)    Plaintiff and Plaintiff's counsel have adequate financial resources to assure that the interests of the class will not be harmed.

19.    A class action provides a fair and efficient method for adjudication of the controversy because, *inter alia*,

(a)    Common questions of law and fact predominate over any questions affecting Plaintiff or any individual class member;

(b)    All class members are easily identifiable through Defendant's records and computer files, and no foreseeable difficulties in the management of this action as a class action exists;

(c)    The monetary damages sought on behalf of the class are readily calculated and attributable to class members;

(d)    Maintenance of the instant litigation as a class action protects against the risks of inconsistent or varying adjudications that might result if individual class members were to commence independent actions in various courthouses throughout western Pennsylvania;

(e)    Because Defendant, upon information and belief, regularly conducts business in Allegheny County, this Court is an appropriate forum for litigating of the claims of the entire class;

(f)    The complexities of the issues and the expense of litigating the separate claims of individual class members weigh in favor of class certification. For example, in the instant action, Plaintiff will seek and present evidence concerning, *inter alia*, Defendant's common timekeeping, compensation, and payroll practices. The gathering and presentation of such evidence in multiple proceedings would be inefficient, redundant, and unjustifiably expensive. The class action device, when compared to multiple proceedings, presents far fewer management difficulties and provides the benefits of unitary adjudication,

5

economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum promotes judicial economy and efficiency and promotes parity among the claims of individual class members as well as judicial consistency. Thus, the conduct of this action as a class action conserves the resources of the parties and the court system, protects the rights of each class member, and meets all due process requirements as to fairness to Defendant. Adequate notice of this class action can be provided to class members by hand distribution and/or direct mail; and,

(g) Because the damages sustained by individual class members are relatively small compared to the resources of Defendant and the costs of individual litigation, it is impracticable and unrealistic for individual class members to independently pursue litigation against Defendant in order to vindicate their rights.

## COUNT I

20. All previous paragraphs are incorporated as though fully set forth herein.

21. Defendant is an employer covered by the PMWA's mandates.

22. Plaintiff and other class members are employees entitled to the PMWA's protections.

23. The PMWA entitles employees to compensation for "all hours worked" in a workweek. *See* 43 P.S. § 333.104(a). Such compensable time includes, *inter alia*, all "time during which an employee is required by the employer to be on the premises of the employer," *id.*, and must be paid "regardless of whether the employee is actually performing job-related duties while on the premises," *Heimbach v. Amazon.com, Inc.*, 255 A.3d 191, 204 (Pa. 2021). Time associated with the activities described in paragraph 11 *supra* exemplify the types of compensable time covered by the PMWA.

24. The PMWA also requires that employees receive overtime compensation "not less

6

than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek.  *See* 43 P.S. § 333.104(c).

25.     Defendant violated the PMWA by failing to pay Plaintiff and other class members overtime wages for all time during which Plaintiff and other class members were required to be on the Monessen plan premises.

## JURY DEMAND

26.     Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, seeks the following relief:

A.     Unpaid overtime wages to the fullest extent permitted under the law;

B.     Prejudgment interest;

C.     Litigation costs, expenses, and attorney's fees; and

D.     Such other and further relief as this Court deems just and proper.

March 14, 2024

Peter Winebrake
R. Andrew Santillo
WINEBRAKE & SANTILLO, LLC
715 Twinging Road, Suite 211
Dresher, PA 19025
(215) 884-2491

Timothy Conboy
CONBOYLAW, LLC
733 Washington Road, Suite 201
Pittsburgh, PA 15228
(412) 343-9060

*Counsel for Plaintiff and the Putative Class*

7

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| **JOSEPH SPENILLO,** | **CIVIL DIVISION** |
| **PLAINTIFF,** | No. _____ |
| **v.** | |
| **CLEVELAND-CLIFFS MONESSEN COKE LLC,** | **CLASS ACTION COMPLAINT** |
| | **FILED ELECTRONICALLY** |
| **DEFENDANT.** | Filed on behalf of Plaintiff and Class Members |

## <u>VERIFICATION</u>

The undersigned Plaintiff, Joseph Spenillo, herein avers that the statements of fact contained in the foregoing **Plaintiff's Complaint** are true and correct to the best of his information, knowledge, and belief, and are made subject to the penalties to 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.


_____03/14/2024_____
Date

_____

8